IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

Darrell Strowder,                                     Case No. 1:16CV251

        Petitioner,

        v.                                              **ORDER**

Brigham Sloan, *et al.*,

        Respondent.

This is a petition for habeas corpus relief under 28 U.S.C. § 2254. Pending are a Magistrate Judge's Report and Recommendation (Doc. 9) and a motion by the respondent to dismiss on the basis of both mootness and lack of jurisdiction. (Doc. 10).

For the reasons that follow, I grant the respondent's motion to dismiss and vacate as moot without decision on the merits the Magistrate Judge's Report and Recommendation.

**Discussion**

Petitioner pled guilty in 2006 in the Cuyahoga County, Ohio, Common Pleas Court to charges of robbery, aggravated robbery, felonious assault, attempted murder, having weapons while under disability, and drug possession. He received an eight-year prison sentence, which he completed in 2012. Thereon, he began serving a five-year term of post release control (PRC) that the trial court had ordered at time of sentencing.

In 2014, following a conviction for drug possession, the court revoked his PRC and returned him to prison for a term of nine months.

Petitioner undertook to challenge the revocation of PRC and ensuing sentence in the state courts. Though the trial court denied relief, the court of appeals agreed with the petitioner that his revocation and prison term arose from an invalid PRC order.

In the meantime, while serving his nine month post-revocation term, petitioner filed the instant petition. The court thereon issued its standard show cause order to the respondent. The copy of the show cause order that the Clerk sent to the petitioner at the institution came back unserved with the notation that the petitioner had been released and that the institution was unable to forward the show cause order to him.

In response, the respondent filed a motion to dismiss for want of prosecution due to petitioner's failure to provide the court with his post-imprisonment address. The Clerk, apparently contacting the Ohio Adult Parole Authority, obtained petitioner's address. This led the Magistrate Judge, now that the court had a valid address for service, to file a short Report and Recommendation recommending that I overrule the motion to dismiss. (Doc. 9).

Shortly thereafter, the respondent, having learned in the meantime that the petitioner's original PRC order was invalid, filed a second, and now pending, motion to dismiss on the basis of want of jurisdiction and mootness. (Doc. 10).

The petitioner has never responded to any pleading or order since filing his petition. Presumably, having secured relief in the state courts and now enjoying unrestrained liberty, petitioner no longer cares about his habeas petition.

While petitioner was "in custody," I had jurisdiction when he filed his petition under 28 U.S.C. §§ 2241(c)(3), 2254(a). I agree with the respondent that once the state court vacated the order that led to petitioner's continuing restraint and he was no longer "in custody," I no longer had

jurisdiction to entertain or adjudicate his the petition. *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 329 (6th Cir. 2014) (citing *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009)); *Gall v. Scroggy*, 603 F.3d 346, 353 (6th Cir. 2010) ("The federal court retains jurisdiction to afford . . . relief until the unconstitutional judgment is gone.").

## Conclusion

Lacking jurisdiction, I grant the respondent's motion to dismiss (Doc. 10) on that basis. That being so, it is not necessary to review the Magistrate Judge's Report and Recommendation (Doc. (Doc. 9), as the issues discussed therein and the motion prompting that discussion (Doc. 7) are presently moot.

It is, accordingly, hereby,

ORDERED THAT:

1. Respondent's motion to dismiss (Doc. 10) be, and the same hereby is, granted with prejudice;

2. The Magistrate Judge's Report and Recommendation (Doc. 9) be, and the same hereby is, vacated as moot and needing no further review; and

3. Respondent's motion to dismiss (Doc. 7) be, and the same hereby is, overruled as moot.

No certificate of appealability shall issue, as jurists of reasons could not fairly dispute its reasoning or result.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge